■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UMAR DELGADO, Appellant. [895 NYS2d 360]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered October 11, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court properly denied defendant's suppression motion. When the circumstances are viewed collectively rather than individually (*see People v Stephens*, 47 AD3d 586, 588 [2008], *lv denied* 10 NY3d 940 [2008]), they provided, at least, reasonable suspicion justifying the police actions. In the first place, defendant was linked to a past assault in which the assailant left his cell phone at the scene. Through a ruse, the police arranged for the owner to pick up his phone, and when defendant and another man arrived at the place of the planned meeting, the assault victim told the police that one of these men might have been his assailant. As the officers, one of whom knew defendant from a prior arrest, observed and approached defendant, they saw that he was wearing gloves and a sweatshirt on a warm day, that he had a crowbar-like object sticking out of his pocket, and that he took a series of furtive and evasive actions. Finally, the officers saw a bulge in defendant's waistband, which is a familiar telltale sign of a weapon (*see People v Benjamin*, 51 NY2d 267, 271 [1980]; *People v De Bour*, 40 NY2d 210, 221 [1976]). The bulge, taken together with these other indicia of criminality, provided ample basis for the officer to touch defendant's waistband and, upon feeling a hard object, to conduct a frisk.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.